UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

KENDRA HALL,

    Plaintiff,

v.

STAPLES, INC., et al.,

    Defendants.

Case No. 17-cv-02610-JSW

**ORDER TO SHOW CAUSE RE JURISDICTION AND VACATING MOTION TO DISMISS HEARING**

On May 5, 2017, Defendants removed this action from the Superior Court of the State of California for the County of Alameda ("Alameda County Superior Court") on the basis of diversity jurisdiction under 28 U.S.C. § 1332. Defendants bear the burden of establishing the existence of subject matter jurisdiction. *See Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1087 (9th Cir. 2009).

In order for this Court to have jurisdiction under Section 1332, the amount in controversy must be in excess of $75,000. *See* 28 U.S.C. § 1332(a). Where, as is the case here, a complaint "does not specify a particular amount of damages, the removing defendant bears the burden of establishing, by a preponderance of the evidence," that the amount in controversy requirement is satisfied. *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996). On the record as it stands now, Defendants have not met this burden.

In the Notice of Removal, Defendants contend that the amount in controversy requirement is satisfied in light of Plaintiff's request for compensatory damages, emotional and punitive damages, and attorneys' fees. (Dkt. No. 1, Notice of Removal ¶¶ 17-19.)

First, regarding Plaintiff's requested damages, Defendants note that Plaintiff "earned an annual salary of approximately $40,000 per year (based on a rate of $19.00 per hour)" not

including the value of benefits. (Dkt. No. 1, Notice of Removal ¶ 17.) However, Defendants' assumption regarding Plaintiff's "annual salary" appears based on an assumption that Plaintiff worked 40 hours a week, 52 weeks a year. Defendants, however, have not produced "any evidence that Plaintiff did have such a work schedule" while employed with them. *See Brown v. Chipotle Mexican Grill, Inc.*, No. 16-cv-0174-EMC, 2016 WL 3402619, at *2 (N.D. Cal. June 21, 2016). Defendants have similarly failed to provide any factual support which would allow the Court to begin to estimate the potential damages at issue in this case. *See Archibold v. Time Warner Cable, Inc.*, No. 15-cv-1776 FMO, 2015 WL 3407903, at *2 (C.D. Cal. May 27, 2015) ("[T]here is no indication as to the number of hours defendant used to reach its total, the number of hours a week plaintiff worked when she worked for defendant, and whether she worked the same hours every week, or which benefits and how were the benefits quantified in the calculation.").

Second, Defendants have failed to provide any estimate for the amount of emotional or punitive damages that may be awarded in this action. Defendants are correct that punitive damages may be included in the amount in controversy. *See, e.g.*, *Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir. 2001). However, "merely stating that a complaint seeks punitive damages, which may ultimately be a large sum of money," (like Defendants do in their Notice of Removal), is insufficient. *Sley v. USAA Casualty Ins. Co.*, No. 5:16-cv-04882-HRL, 2017 WL 2114773, at *3 (N.D. Cal. May 16, 2017). Instead, Defendants may establish the amount of punitive damages potentially awardable in a case by citing to amounts awarded by juries in cases involving analogous facts. *See Rodriguez v. Home Depot, U.S.A., Inc.*, No. 16-cv-01945-JCS, 2016 WL 3902838, at *2 (N.D. Cal. July 19, 2016). While Defendants' Notice of Removal cites three cases, there is no discussion on how much of the respective awards in these cases were attributable to punitive damages.

Third, Defendants' reliance on the potential attorneys' fee award in this case is premised on the faulty assumption that all such potential fees are properly included in the amount in controversy. Numerous courts in this District have held that only attorneys' fees incurred at the time of removal are included in the amount in controversy. *See, e.g.*, *Carlson v. Gatestone & Co.*

*Int'l, Inc.*, No. 17-cv-01818-BLF, 2017 WL 2615764, at *2 (N.D. Cal. June 16, 2017); *Dell v. ServiceMaster Global Holdings, Inc.*, No. 15-cv-03326-SBA, 2015 WL 6746448, at *2 (N.D. Cal. Nov. 5, 2015); *Icard v. Ecolab, Inc.*, No. 10-cv-0410-PJH, 2010 WL 2528968, at *2 (N.D. Cal. June 18, 2010).[1] Defendants have failed to provide any estimate for the amount of attorneys' fees incurred by Plaintiff's counsel at the time of removal.

Finally, the Court notes that Defendants in their Notice of Removal state "Plaintiff has not made a settlement demand for less than $75,000, which raises the inference that the amount in controversy is *greater* than $75,000." (Notice of Removal ¶ 26.) This is ambiguously worded. If Plaintiff has simply not submitted a settlement offer, this fact is of little relevance. If, however, Plaintiff has submitted a settlement offer which exceeds $75,000, this is relevant evidence that the amount in controversy does, in fact, exceed $75,000. *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 (9th Cir. 2002) ("A settlement letter is relevant evidence of the amount in controversy if it appears to reflect a reasonable estimate of the plaintiff's claim."). Further explanation on this point is required if Defendants seek to rely on Plaintiff's settlement offer to establish the amount in controversy.[2]

In light of the foregoing, Defendants are ORDERED to show cause why this case should not be remanded to Alameda County Superior Court due to a lack of subject matter jurisdiction. Defendants' response is due **November 28, 2017**. Plaintiff may file a response, if she chooses, by **December 1, 2017**.

///
///
///
///
///

---

[1] The Ninth Circuit has declined to reach this issue, but has recognized that courts around the country have split on this question. *See Gonzales v. CarMax Auto Superstores, LLC*, 840 F.3d 644, 649 n.2 (9th Cir. 2016).

[2] The Court notes that the Ninth Circuit has held that it does not violate Federal Rule of Civil Procedure 408 to use a settlement offer in this way. *See Cohn*, 281 F.3d at 840 n.3.

In light of this order the December 8, 2017 hearing on Defendant's motion to dismiss is VACATED.

**IT IS SO ORDERED.**

Dated: November 13, 2017

_____
JEFFREY S. WHITE
United States District Judge